HENRY ZWIRKOSKI, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Zwirkoski v. Commissioner
Docket No. 850-79.
United States Tax Court
T.C. Memo 1980-406; 1980 Tax Ct. Memo LEXIS 186; 40 T.C.M. (CCH) 1300; T.C.M. (RIA) 80406; September 18, 1980, Filed Henry Zwirkoski, pro se. M. Michael Kovach, Jr., for the respondent. DAWSON
MEMORANDUM FINDINGS *187 OF FACT AND OPINION DAWSON, Judge: This case was assigned to and heard by Special Trial Judge James M. Gussis pursuant to section 7456(c), Internal Revenue Code of 1954, [1] and Rules 180 and 181 of the Tax Court Rules of Practice and Procedure.[2] The Court agrees with and adopts his opinion which is set forth below. OPINION OF THE SPECIAL TRIAL JUDGE GUSSIS, Special Trial Judge: Respondent determined a deficiency in petitioner's Federal income tax for 1975 in the amount of $389. The issues before the Court are (1) whether petitioner is entitled to a theft loss deduction under section 165(c)(3); and (2) whether petitioner is entitled to a charitable contribution deduction under section 170 for payments purportedly made to the National Ecology Restoration Foundation. *188 FINDINGS OF FACT Some of the facts were stipulated and they are found accordingly. Petitioner was a resident of Detroit, Michigan on the date the petition herein was filed. Petitioner was employed by Detroit Free Press, Incorporated for several months in 1975 and reported gross wages of $3,035.13 from said employment. Petitioner also reported gross wages in 1975 from two other sources in the amount of $1,930.50. During the period here relevant petitioner was writing a lengthy book entitled "The Wisdom, Wit and Wonder Thesaurus of the Living Laws of Life." Petitioner has been engaged in this project for many years and the book still remained incomplete at the date of this trial. During the year 1975 petitioner was president of the National Ecology Restoration Fund. The fund maintained an account in 1975 with Detroit Bank and Trust and petitioner was the sole authorized signator on the account and the sole individual authorized to withdraw funds from the account. In 1975 three deposits were made to this account in the total amount of $1,763.10. The balance in the bank account both at the beginning and at the end of the year 1975 was approximately $450. Petitioner *189 was divorced in 1965. In 1972 petitioner's former wife filed a petition in the Circuit Court of Cook County, Illinois alleging child support arrearages of $12,330 and asking for judgment against petitioner in that amount. The court subsequently entered judgment against petitioner in June 1972 and later in the year 1972 pursuant to Court order petitioner's real property located in Cook County, Illinois was sold at public auction in satisfaction of said judgment. Petitioner claimed a charitable contribution deduction in 1975 for purported payments to the National Ecology Restoration Fund in the amount of $2,288 which was disallowed by respondent. Petitioner also claims a theft loss deduction for 1975 with respect to the loss of his real property in the amount of $13,000. OPINION Petitoner contends that at some point his home was "stolen" from him and that consequently he is entitled to a casualty loss deduction of some $13,000. We conclude that his contention is without merit. Initially, it appears from petitioner's testimony that the purported theft took place in 1975 and that he discovered said theft in the latter part of 1974. For purposes of section 165(a) a theft loss *190 is sustained during the taxable year in which the taxpayer discovered the loss. Elliot v. Commissioner, 40 T.C. 304 (1963); section 1.165-8(a)(2), Income Tax Regs. Consequently, petitioner would not in any event be entitled to deduct the purported theft loss in 1975. Moreover, petitioner's effort to label the loss of his home as a theft is simply not supported by this record. Whether a theft loss occurs depends upon the law of the state where the alleged loss occurred. Monteleone v. Commissioner, 34 T.C. 688 (1960). Here it clearly appears that the property in question was duly disposed of in 1972 pursuant to a judgment by the local Court (Circuit Court of Cook County, Illinois) against petitioner in satisfaction of child support arrearages of about $12,000. Under these circumstances we must conclude that petitioner did not incur a theft loss within the meaning of section 165(c)(3). Respondent is sutained. Petitioner claimed a charitable contribution deduction of $2,288 for purported contributions to the National Ecology Restoration Fund which was disallowed by respondent. It appears that petitioner was the only individual authorized to *191 withdraw funds from the bank account maintained by the National Ecology Restoration Fund and that he had full control over its funds. Moreover, it clearly appears that said funds were withdrawn by petitioner for his personal benefit, i.e., various expenditures incurred on a book he was engaged in writing, fees paid to an automobile club and maintenance costs for his automobile. Petitioner's control over the funds is graphically demonstrated by his testimony with respect to a particular withdrawal: "I don't remember what that went for, but I was short of funds, and I needed it, and that was it." Contributions made from the incentive of economic benefits do not qualify as charitable contributions within the meaning of section 170. Fausner v. Commissioner, 55 T.C. 620 (1971), DeJong v. Commissioner, 36 T.C. 896 (1961), affd. 309 F.2d 373 (9th Cir. 1962). Moreover, in view of petitioner's limited income in 1975 (he reported gross wages of $4,966) it seems that a contribution of the magnitude of $2,288 would not be feasible unless petitioner contemplated the use of such funds for personal needs. We must on this record sustain the respondent. *192 Reviewed and adopted as the report of the Small Tax Case Division. Decision will be entered for the respondent. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated. ↩
2. The Court has concluded that the post-trial procedures of Rule 182, Tax Court Rules of Practice and Procedure↩, are not applicable in these particular circumstances. This conclusion is based on the authority of the "otherwise provided" language of that rule.